EDWARD W. PYLE *vs.* EDWARD H. GALLAHER.

*Assumpsit—Promissory Note, Subject to Proviso for Renewal— Pleading—Demurrer to Declaration; To Pleas; Sufficiency of—Renewal of Note—Tendering New Note—Waiver of Tender.*

1. The defendant had given to the plaintiff a certain promissory note, with an agreement which provided that if the said defendant should pay to the plaintiff, on account of said note, at least one-fourth of his interest in the net profits of the business of the incorporation during the year the note had to run, the plaintiff would renew the note. On demurrer to the declaration filed in an action on said note, *held;*—(1) That it was not necessary for the plaintiff to set out what the amount of the net profits were, the dividends that were declared, or the interest of the defendant in said net profits. (2) That it was sufficient if the nature and character of the agreement declared on was set out generally and in substance. (3) That plaintiff's declaration sufficiently set out a legal cause of action.

2. On demurrer to defendant's pleas in said action, *held;*—(1) That conceding the defendant had the right to have the note renewed yet he made no effort to demand or procure a renewal, and the demurrer should therefore be sustained. (2) That the demurrer should be likewise sustained because the new contract set up by the defendant was *nudum pactum;*—void for want of consideration.

3. A promissory note, such as sued upon, although the proviso annexed thereto destroys its negotiability, purports a valuable consideration. But the consideration may, as between the orginal parties, be attacked; and if a total failure of consideration be shown as between them a recovery cannot be had upon the note.

4. If there was a valuable consideration given for the note, then the legal effect of the proviso, annexed to the note, upon the defendant's liablity on the note, was to secure to him a renewal of the note by the plaintiff from year to year until the debt represented by the note should be fully paid. But if the defendant failed to conform to the terms upon which the note was to be renewed, the plaintiff in that event was not legally bound to renew the note, and might in his discretion institute legal proceedings for the recovery of the amount secured by the note at the end of the year after the note was given.

5. The only way to renew a note is by making and tendering a new note for the old. It must be shown by the evidence that the defendant made or tendered a renewal note to the plaintiff for the first note given and sued upon, or that the plaintiff waived the making and tendering of such note by the defendant.

(*May* 28, 1907; *February* 4, 1908.)

LORE, C. J. and GRUBB and PENNEWILL, J. J., sitting at the hearing on the demurrers.

JUDGES SPRUANCE and BOYCE sitting at the trial.

*J. Harvey Whiteman* for plaintiff.

*Levin Irving Handy* for defendant.

Superior Court, New Castle County, May Term, 1907.

ACTION OF ASSUMPSIT (No. 85, November Term, 1906) upon a certain agreement in writing called a "promissory note."

Demurrer to declaration.

PENNEWILL, J:—The defendant has demurred to the first, second, third, fifth and sixth counts of plaintiff's declaration.

The cause of action upon which the first, second and third counts are based is a certain agreement in writing called a "promissory note," which is as follows:

"Wilmington, Del., July 10, 1902.
$7600.00

"One year after date I promise to pay to the order of Edward W. Pyle, at the Central National Bank, of Wilmington, Seventy-six Hundred Dollars, with interest at the rate of five per centum per annum, without defalcation. Value received.

"Provided, that if the said Edward H. Gallaher, shall pay to the said Edward W. Pyle, on account of said note, at least one fourth of his interest in the net profits of the business of 'Gallaher and Pyle, Incorporated' during the year this note has to run, said Edward W. Pyle is to renew said note from year to year upon like conditions until the debt represented by said note be fully paid. The said Edward H. Gallaher has deposited with the said Edward W. Pyle, as collateral security for the payment

of the debt represented by this note or by any note given in renewal thereof 149 shares of the Capital Stock of 'Gallaher and Pyle, Incorporated.'

                       ·  "Edward H. Gallaher.

"I agree to the conditions named in this note.

                          "Edward W. Pyle."

The causes of demurrer assigned to the said first three counts raise practically the same question, and will be considered together.

They are substantially as follows:

1. That it does not appear what the net profits of the business of "Gallaher and Pyle, Incorporated," were during the year the said promissory note had to run.

2. That it does not appear what the interest of the defendant in the net profits of the business of "Gallaher and Pyle, Incorporated" was during the year the said promissory note had to run.

3. That it does not appear what the dividends declared by "Gallaher and Pyle, Incorporated," and payable to said defendant, were during the year the said promissory note had to run.

In the proviso of the written agreement upon which said three counts are based, it is stipulated that if the said defendant should pay to the said plaintiff, on account of the said note, at least one-fourth of his interest in the net profits of the business of "Gallaher and Pyle, Incorporated" during the year the note had to run, the plaintiff would renew the note.

We do not think it was necessary for the plaintiff to set out what the amount of the net profits of the business of "Gallaher and Pyle, Incorporated" were, the dividends declared, or the interest of the defendant in said net profits.

This is not an action to recover the interest óf the defendant in said net profits or dividends, but is upon a written agreement for the payment of a certain sum of money, and containing the proviso above stated.

The plaintiff avers that the defendant did not pay the one-fourth part, or any part, of his interest in said net profits to the plaintiff, and it is quite immaterial, therefore, what his interest was.

The case of *Lanham and Bro. vs. Jacoby et al.*, 4 *Pennewill*, 487, cited by the defendant, does not appear to us to be in point because in that case the suit was on a bond which guaranteed the payment for labor and material supplied in the construction of certain sewers. In alleging the breach of said bond it was of course necessary to set out what labor and materials were furnished and not paid for.

The fifth count sets out that the defendant, in consideration that the plaintiff at the special instance and request of the defendant, had lent and advanced to the defendant "another sum of Seventy-six Hundred Dollars, made a certain agreement in writing, which said agreement has at all times been held by the said plaintiff, bearing date the day and year last aforesaid, and then and there delivered the same to the said plaintiff, by which said agreement the said defendant thereby then and there promised to pay one year after the date thereof, to the order of the said plaintiff, at the Central National Bank of Wilmington, in the County aforesaid, another sum of Seventy-six Hundred Dollars, with interest at the rate of five per centum per annum, without defalcation and for value received, by means whereof the said defendant then and there became liable to pay to the said plaintiff the said sum of money in the said agreement specified, according to the tenor and effect of the said agreement; and being so liable he, the said defendant, in consideration thereof, afterwards, to wit, on the day and year aforesaid, at New Castle County aforesaid, undertook and then and there faithfully promised the said plaintiff to pay him the said sum of money in the said agreement specified, according to the tenor and effect thereof; nevertheless," etc.

The sixth count is similar to the fifth except that it is averred therein that the plaintiff in consideration that the said plaintiff

at the special instance and request of the defendant had laid out, expended and paid a certain sum of money, made a certain agreement in writing, etc.

The causes of demurrer assigned to said fifth and sixth counts are practically the same, and are as follows:

1. That it does not appear what the conditions and terms in said agreement in writing were, on which the defendant promised to pay the plaintiff the said sum of money.

2. That it does not appear that the plaintiff had done and performed the things agreed to be done and performed in the written agreement.

We think the fifth and sixth counts are good, inasmuch as they set out, generally and in substance, the nature and character of the agreement declared on. It will be of course for the trial Court to determine whether the agreement offered in support of these two counts is or is not admissible.

The demurrer is overruled.

Subsequently, the plaintiff filed the following additional counts to his declaration, viz:

"11. For that whereas the said defendant heretofore, to wit, on the tenth day of July in the year of our Lord one thousand nine hundred and two, for and in consideration that the said plaintiff, at the special instance and request of the said defendant, had lent and advanced to the said defendant another sum of Seventy-six Hundred Dollars, made a certain agreement in writing, in the words and figures following, to wit:" (Quoting note as heretofore set out in the opinion of the Court) "which said agreement has at all times been held by the said plaintiff, a copy of which is hereunto annexed, marked Exhibit B, bearing date the day and year last aforesaid, and then and there delivered the same to the said plaintiff, by which said agreement the said defendant thereby then and there promised to pay one year after the date thereof, to the order of the said plaintiff, at the Central National Bank of Wilmington, Seventy-six Hundred Dollars, with interest at the rate of five per centum per annum, without defalcation and

for value received, provided, that if the said defendant should pay to the said plaintiff on account of said agreement, at least one-fourth of his interest in the net profits of the business of 'Gallaher and Pyle, Incorporated,' a corporation engaged in mercantile business in the City of Wilmington, State of Delaware, during the year said agreement had to run, said plaintiff was to renew said agreement from year to year upon like condition, until the debt represented by said agreement should be fully paid; and the said plaintiff in fact saith, that the said defendant did not during the year beginning July 10th, A. D. 1904, and ending July 10th, 1905, nor within a reasonable time thereafter make any payment unto the said plaintiff on account of said agreement; by means whereof the said defendant then and there became liable to pay to the said plaintiff the said sum of money in the said agreement specified, according to the tenor and effect of the said agreement.''

The twelfth count was in all respects similar to the eleventh, except that it contained the following additional averment, viz: ''And the said plaintiff in fact saith that the business of 'Gallaher and Pyle, Incorporated,' yielded no net profit during the year said agreement had to run, in which said defendant obtained an interest,'' etc.

The defendant demurred to the said counts, assigning the following special causes of demurrer:

''1.   That it does not appear in said eleventh count that during the year beginning July 10th, A. D. 1904, and ending July 10th, 1905, the said Edward H. Gallaher had or received any interest in the net profits of 'Gallaher and Pyle, Incorporated.'

''2.   That it does not appear in said eleventh count that during the year beginning July 10, A. D. 1904 and ending July 10th, 1905, there were any net profits of the business of 'Gallaher and Pyle, Incorporated.'

''3.   That it does not appear in said eleventh count that during the year beginning July 10th, A. D. 1904, and ending July 10th, 1905, there were any dividends declared or made payable by 'Gallaher and Pyle, Incorporated.'

''4.   That it does not appear in said eleventh count that said

Edward H. Gallaher has not paid to the said Edward W. Pyle, on account of said note, at least one-fourth of his interest in the net profits of the business of 'Gallaher and Pyle, Incorporated' during the year said note had to run and during each and every year subsequent thereto up to the date of the beginning of this action.

"5.    That it does not appear in said eleventh count that the sum of money secured to the plaintiff by said certain agreement in writing was due and payable at the time of the beginning of this action.

"6.    That it does not appear in said eleventh count that any sum of money whatsoever was due and payable from the defendant to the plaintiff at the time of the beginning of this action.

"7.    That it does not appear in said twelfth count that said certain agreement in writing binds the defendant to pay any sum of money due and payable at the time when this action was begun.

"8.    That it does appear in said twelfth count that the business of 'Gallaher and Pyle, Incorporated' yielded no net profit in which said defendant obtained an interest during the year said note had to run.

"9.    That it does not appear in said twelfth count that Edward H. Gallaher has at any time failed to pay to Edward W. Pyle at least one-fourth of said Gallaher's interest in the net profits of the business of 'Gallaher and Pyle, Incorporated.' "

The defendant also filed at the same time the following amended special pleas, viz:

"And the said defendant, by Levin Irving Handy, his Attorney, comes and defends the wrong and injury, when, &c. And saith *actio non* as to the first, second, third, eighth, ninth, and tenth, counts of the plaintiff's declaration, severally, because he saith that the Board of Directors of 'Gallaher and Pyle, Incorporated' during the whole period of time from the day when said note or said certain agreement in writing mentioned in said declaration was given until the day when this suit was begun, con-

sisted of four directors, to wit, Edward W. Pyle and Mary J. Pyle, his wife, and Edward H. Gallaher and Ida C. Gallaher, his wife; that no dividend could be declared without the consent and approval and desire of Edward W. Pyle; and that the dividends declared were the dividends which said Edward W. Pyle desired to have declared and were declared at the times and made payable at the times at which said Edward W. Pyle desired that they should be declared and should be made payable, the said Pyle having been in practical control of said Board of Directors from the date of the making of said note or said certain agreement in writing up to the date of the beginning of this action; and the said defendant saith that the first dividend declared by 'Gallaher and Pyle, Incorporated' was declared and made payable during the month of July A. D. nineteen hundred and three; that said dividend was a dividend of five per centum on the paid up capital stock of said 'Gallaher and Pyle, Incorporated;' that the said defendant was the owner of one hundred and forty-nine shares of the said capital stock of the par value of Fifty Dollars per share; one hundred and forty-nine shares was all of the capital stock of said 'Gallaher and Pyle, Incorporated' owned at any time by the said defendant; that the defendant received in the said month of July A. D. nineteen hundred and three, or shortly thereafter, the sum of Three Hundred and Seventy-two Dollars and fifty cents as his dividend on said stock, and thereupon immediately paid to Edward W. Pyle on account of said note, more than one-fourth of defendant's interest in the net profits of the business of 'Gallaher and Pyle, Incorporated' to wit, the sum of Three Hundred and Four Dollars; that the second dividend declared by 'Gallaher and Pyle, Incorporated' was declared and made payable sometime during the summer A. D. nineteen hundred and four (the exact date being now unknown to the defendant); that said dividend was a dividend of four per centum on the paid up capital stock of said 'Gallaher and Pyle, Incorporated;' that the said defendant was then the owner of one hundred and forty-nine shares of the said capital stock of the par value of

Fifty Dollars per share; that the said defendant received sometime during the summer A. D. nineteen hundred and four (the exact date being now unknown to him) the sum of Two Hundred and Ninety-eight Dollars as his dividend on said stock, and thereupon immediately paid to Edward W. Pyle on account of said note more than one-fourth of defenhant's interest in the net profits of the business of 'Gallaher and Pyle, Incorporated' to wit, the sum of Three Hundred and Thirteen Dollars and twenty-five cents; that the third dividend declared by 'Gallaher and Pyle, Incorporated' was made payable during the month of June A. D. nineteen hundred and six; that the said dividend was a dividend of four per centum on the paid up capital stock of said 'Gallaher and Pyle, Incorporated;' that the said defendant was then the owner of one hundred and forty-nine shares of the said capital stock of the par value of Fifty Dollars per share; that the said defendant received in the said month of June A. D. nineteen hundred and six, the sum of Two Hundred and Ninety-eight Dollars, as his dividend on said stock, and thereupon immediately paid to Edward W. Pyle on account of said note, more than one-fourth of defendant's interest in the net profits of the business of 'Gallaher and Pyle, Incorporated' to wit, the sum of Three Hundred and Fifty-four Dollars; that the three dividends above named are the only dividends which have ever been declared by 'Gallaher and Pyle, Incorporated,' and that there have been no other dividends declared and payable on the stock of the said 'Gallaher and Pyle, Incorporated' at any time whatsoever. And this the said defendant is ready to verify etc."

"2. The said defendant saith *actio non* as to the first, second, third, eighth, ninth, and tenth counts of the plaintiff's declaration, severally, because he saith that during the month of July A. D. nineteen hundred and three it was mutually agreed between Edward W. Pyle and Edward H. Gallaher that the interest on said note or said certain agreement in writing mentioned in said declaration should for the future be at four per centum per annum, instead of at five per centum per annum as the said

note or said certain agreement in writing provided, and that it was then further mutually agreed between the said Pyle and the said Gallaher that the said note or the said certain agreement in writing be continued from year to year without the making of a new note in renewal. And this the said defendant is ready to verify, etc."

"And the said defendant by Levin Irving Handy, his attorney, comes and defends the wrong and injury, when, etc., and says, that the said several counts numbered eleven and twelve in said declaration and the matters therein contained, in manner and form as the same are above stated and set forth, are not sufficient in law for the said plaintiff to have or maintain his aforesaid action thereof against the said defendant, and he the said defendant, is not bound in law to answer the same. And this he is ready to verify, wherefore by reason of the insufficiency of the said counts eleven and twelve of the said declaration, in this behalf, the said defendant prays judgment, and that the said plaintiff may be barren of having or maintaining his aforesaid action thereof against him, etc."

The plaintiff thereupon filed the following amended special causes of demurrer to the first amended special plea, viz.:

"(a) It does not appear therefrom that the defendant made the alleged payments during the year said note had to run, of more than one-fourth of defendant's interest in the net profits of the business of 'Gallaher and Pyle, Incorporated,' to wit, the sum of Three Hundred and Four Dollars, the sum of Three Hundred and Thirteen Dollars and Twenty-five cents, and the sum of Three Hundred and Fifty-four Dollars.

"(b) The said plea amounts to the general issue.

"(c) The said plea contains surplusage.

"(d) The said plea is uncertain.

"(e) The said plea is not sufficiently particular and definite to enable this plaintiff to reply to the same.

"(f) And also that the said plea of the said defendant is in other respects uncertain, informal and insufficient, etc."

Plaintiff also filed the following causes of demurrer to said second amended plea, viz:

"(a)   The said plea is double in that it traverses the allegation in relation to the rate of interest required to be paid by the defendant, and that it alleges an agreement whereby the time of payment of the principal sum in the note or agreement in writing, was to be postponed from year to year.

"(b)   The said plea is uncertain.

"(c)   And also that the said plea of the said defendant is in other respects uncertain, informal and insufficient, etc."

LORE, C. J.:—We overrule the defendant's demurrers to the eleventh and twelfth counts of plaintiff's amended declaration, because in our opinion said counts sufficiently set out a legal cause of action.

Plaintiff's demurrer to defendant's first amended plea is sustained upon the ground that even conceding that the defendant had the right to have the note renewed, yet he made no effort to demand or procure a renewal, as disclosed by the pleadings.

Plaintiff's demurrer to defendant's second amended plea is sustained, because the new contract set up by the defendant was *nudum pactum*,—void for want of consideration.

Pursuant to the aforesaid judgment the defendant filed his amended pleas, and on February 4, 1908, the trial of the cause proceeded before Associate Judges SPRUANCE and BOYCE.

BOYCE, J., charging the jury:

Gentlemen of the jury:—Edward W. Pyle seeks by this action to recover from Edward H. Gallaher the sum of $8,678.37, the balance of the debt and interest alleged to be due upon a certain promissory note, in words and figures, as follows:

"$7,600.00                    Wilmington, Del., July 10, 1902.
"One year after date I promise to pay to the order of Edward W. Pyle, at the Central National Bank of Wilmington, seventy-six hundred dollars, with interest at the rate of five per centum per annum, without defalcation.

Value received.

"⸙ "Provided, that if the said Edward H. Gallaher, shall pay to the said Edward W. Pyle, on account of said note, at least one-fourth of his interest in the net profits of the business of 'Gallaher and Pyle, Incorporated' during the year this note has to run, said Edward W. Pyle is to renew said note from year to year upon like conditions until the debt represented by said note be fully paid. The said Edward H. Gallaher has deposited with the said Edward W. Pyle, as collateral security for the payment of the debt represented by this note or by any note given in renewal thereof, 149 shares of the Capital Stock of 'Gallaher and Pyle, Incorporated.'

Edward H. Gallaher."

There is endorsed on the margin of said note the following: "I agree to the conditions named in this note.    Edward W. Pyle."  .

It is admitted that the defendant has made the following payments on said note:    July 31, 1903, $304.00, which it was agreed between the parties should be in full of the interest for one year at a reduced rate; September 6, 1904, $304.00; and July 11, 1906, $354.00.

The plaintiff and the defendant, the only persons called to testify before you, have each detailed the circumstances under which the note was given by the one to the other.    Briefly, the uncontroverted evidence is that the parties agreed in the month of June, A. D. 1902, to engage in the shoe business in this City. The plaintiff was to furnish the amount of money necessary to buy out the store and stock of Hayes and Company, and the defendant was to give his experience and personal attention to the management of the business.    The defendant, acting for both parties, and with the money furnished by the plaintiff, bought the stock and business of Hayes and Company, paying them therefor nearly $19,000.00.    Gallaher and Pyle went into business about the first of July, A. D. 1903.    Pyle's share and interest in the stock and business was to be sixty per cent, thereof.    Gallaher's share and interest was to be the remaining forty per cent. thereof. Pyle was to receive twenty-five dollars and Gallaher was to re-

ceive thirty-five dollars, each per week as salary. They were to share in the net profits of the business in proportion to their respective holdings therein. It is conceded that the parties subsequently incorporated the business under the name and style of Gallaher and Pyle, and that having procured a certificate of incorporation, they organized, on the 18th day of July, 1902, whereupon the stock and business were transferred to the corporation. And that in a few days Gallaher delivered to Pyle the said note, sued upon in this action. It is admitted that 149 shares of the capital stock of said corporation were, at the par value of $50, issued to the defendant, and that three shares of said stock were issued to Mrs. Gallaher, the wife of the defendant; and that the 149 shares of stock issued to the defendant were assigned to said Pyle as collateral security for the payment of the said note, according to the terms thereof.

Counsel for the defendant, by certain of his prayers presented to the Court, has requested the Court to give you certain instructions touching an original alleged partnership entered into between the parties to this action for the purpose of engaging in said shoe business. And he contends that the said alleged partnership was of such a character as that Pyle, in consideration thereof, gave to Gallaher forty per cent. of the *corpus* of the stock and property, admittedly bought with and paid for by the money of the said Pyle. And that when the said Gallaher gave the said note to Pyle, he gave it without any consideration, it being contended that the said Gallaher was at the time the owner, under the alleged partnership agreement, of forty per cent. of the said stock and business of Gallaher and Pyle, and for which the plaintiff claims the note was given. The evidence adduced in this case does not warrant the Court in giving you the instructions requested, and we, therefore, decline to charge you as requested by his first, second and third prayers. His fourth prayer. "That the principal and interest on the note together constitute one sum due upon the note, and any payment thereon whether applied to meet the interest or to meet the principal, is, in either event,

a partial payment on account of the note;" and his fifth prayer, "That the interest of a stock-holder in the net profits of a corporation means his dividends declared and paid by the corporation on his shares of stock; that a shareholder in a corporation has no property interest in the profits of the business carried on by the corporation until a dividend has been declared out of such profits,"—are substantially correct.

A promissory note, such as sued upon in this action, although the proviso annexed thereto destroys its negotiability, purports a valuable consideration. But the consideration may, as between the original parties to the note, be attacked. And if a total failure of consideration be shown as between them, a recovery cannot be had upon the note. And in this case you are to determine from all the evidence whether or not the note given by Gallaher to Pyle was given to secure the re-payment of the money advanced by Pyle to Gallaher to purchase the said forty per cent. share and interest in the said business of Gallaher and Pyle. If you so find, you may then, and should, dismiss the question of consideration for the note from your minds. If, however, you find that there was, in fact, no consideration given or received for the note, the plaintiff will not be entitled to a recovery.

Counsel for the plaintiff has presented several prayers to the Court. As to them we think it sufficient to say that if you find there was a valuable consideration given for the note, then the legal effect of the proviso, annexed to the note, upon Gallaher's liability on the note, so far as you are concerned with it, was, under the terms therein mentioned, to secure to Gallaher a renewal of said note by Pyle, from year to year, until the debt represented by the note should be fully paid. And the renewal of the note by Pyle was conditioned upon the payment by Gallaher to Pyle on account of said note, at least one-fourth of his interest in the net profits of the business of Gallaher and Pyle, incorporated, during the year the said note had to run. If you find that Gallaher gave the note to secure the payment of $7600.00, as claimed by the plaintiff, and that Gallaher failed to conform to the terms

upon which the note was to be renewed, Pyle in that event was not legally bound to renew the note, and might in his discretion institute legal proceedings for the recovery of the amount secured by the note at the end of the year after the note was given. The uncontradicted evidence shows that the terms of the proviso which relate to the renewal of the note were not complied with, and not having been complied with, Gallaher forfeited his right to have the note renewed. The only way to renew a note is by making and tendering a new note for the old. There is a total absence of any proof on the part of Gallaher that he ever made or tendered a renewal note to Pyle for the first note given, sued upon in this action; or that Pyle ever in any manner waived the making and tendering of such note by Gallaher.

It is claimed by the defendant that Pyle has Gallaher's stock—meaning that Pyle is the owner of the stock which was issued to Gallaher. This is not in accordance with the evidence, which is that Pyle holds said stock only as collateral security for the payment of the note sued on. Pyle's right in said stock is therefore merely to have the value of said stock applied to the payment of the note.

The chief question for your consideration and determination is whether, under the evidence produced, Gallaher made and delivered the said note to Pyle for a valuable consideration—that is, upon the consideration and for the purpose of securing the repayment of $7600, which Pyle claims he advanced to Gallaher to enable him to have the said forty per cent. share or interest in said business. If you so find, your verdict should be for the plaintiff for the balance which you may find due upon said note, after the proper allowance of the payments made thereon by Gallaher.

If you find there was no valuable consideration given for the note, your verdict should be for the defendant.

Verdict for plaintiff for $8,677.84.